**WINDHAM COUNTY, SEPTEMBER TERM, A. D. 1790.**

### CARPENTER V. CHILD ET AL.

It is no cause of arresting judgment that the jury have found a verdict upon evidence, which, in the opinion of the court is insufficient.

CARPENTER sued Child and others a committee of the north society in Woodstock for inserting his name in a rate-bill, and collecting the rate of him to pay the minister's salary in said society, when he belonged to a society of Christians of a different persuasion in Oxford — and had regularly obtained and lodged a certificate, etc. Plea was not guilty to the jury.

The jury found the defendants guilty, etc. The defendants moved in arrest of judgment — That the only evidence of the plaintiff's exemption, was a certificate lodged, etc., [reciting the certificate] which the defendants say, was insufficient evidence to convict them. The plaintiff denied that the certificate was the only evidence of his exemption. The defendants rejoined, that it was the only evidence, etc. To which a demurrer was given.

The judgment of the County Court was — That the motion in arrest was sufficient, and ordered a *venire de novo*. Upon which the defendants were found not guilty. And now a writ of error is brought to reverse the judgment of the County Court upon the motion in arrest.

By the COURT. There is manifest error in the judgment complained of. For it is no cause of arrest that the jury found their verdict, in the opinion of the court, upon insufficient evidence; for they are the judges of evidence. This point has been settled by a number of adjudications.